736 P.2d 385

**Andrea BEHRENS, Plaintiff/Appellant,**

**v.**

**AETNA LIFE & CASUALTY, Defendant/Appellee.**

**No. 2 CA–CV 5853.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 15, 1987.

Review Denied April 7, 1987.

**302**

Lesher & Borodkin by Stephen H. Lesher, Tucson, for plaintiff/appellant.

Donald Estes, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Daniel Corrales, the son of Gilbert and Edna Corrales, while waterskiing in the family boat caused injury, variously described as "serious" and as a "ropeburn", to plaintiff Andrea Behrens. Claiming that the parents had negligently entrusted the boat to Daniel and had negligently "failed to provide supervision of the operation of the boat," Behrens brought suit against them. They tendered defense of the action to defendant Aetna Life & Casualty Company which had issued a homeowner's policy to the Corraleses. Aetna declined the defense because of a policy exclusion for "bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any water craft" of the type involved in this case. Plaintiff took judgment against the parents for $100,000 and brought this declaratory judgment action against Aetna to establish that the policy provided coverage. She appeals from an adverse judgment. We affirm.

■ The essential basis of the appeal is that the exclusion applies only to claims for negligent operation of the boat and not to claims, such as negligent entrustment or supervision, involving negligence by insureds while not using the boat. Several courts, but not a majority, have agreed. See generally Annot., 6 A.L.R. 4th 555 (1981). We adopted the contrary majority view in *Lumbermen's Mutual Casualty Co. v. Kosies*, 124 Ariz. 136, 602 P.2d 517 (App.1979), because a negligent entrustment claim necessarily includes negligence in the operation of the excluded item and thus fits within the policy exclusion. A claim for negligent entrustment, or for that matter negligent supervision, cannot exist apart from the excluded negligent operation of the boat.

■ To avoid the rule in *Lumbermen's Mutual*, plaintiff contends that because the jurisdictions have split on the meaning of the exclusionary clause it is necessarily ambiguous and under the rule in *Federal Ins. Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976) must, therefore, be construed to provide coverage. We disagree. We are not certain that the *P.A.T. Homes* rule ought to apply when the alleged ambiguity is not in the words used by the insurer but instead in how various jurisdictions choose to characterize the nature of a negligent supervision or entrustment cause of action. We do find that *P.A.T. Homes* was not intended to undercut existing Arizona law when disparate treatment occurs in other jurisdictions. Once *Lumbermen's Mutual* was decided it became the law of this state on which insurance companies could rely. To hold years later that language we found clear had become ambiguous because of judicial construction elsewhere simply accords neither with a common sense understanding of what "ambiguity" means nor with the essential predicate of a legal system that parties may reasonably rely on the pronouncements of courts as to what the law is.

Affirmed.

FERNANDEZ and LACAGNINA, JJ., concur.