23799

Jonathan McPHERSON, By and Through his Guardian ad Litem, Theresa McPHERSON, and the City of Charleston, a Municipal Corporation, Petitioners v. MICHIGAN MUTUAL INSURANCE COMPANY and The Budget and Control Board of the State of South Carolina, Division of General Services Insurance Reserve Fund, Respondents.

(426 S.E. (2d) 770)

Supreme Court

*Robert G. Clawson,* of *Clawson & Staubes,* Charleston, *for petitioner City of Charleston.*

*Ray P. McClain,* Charleston, and *G. Daniel Bowling,* Great Barrington, MA, *for petitioner Jonathan McPherson.*

*Frank R. Ellerbe, III,* of *Robinson, McFadden & Moore,* and *William L. Pope,* of *Pope & Rogers,* Columbia, *for respondents.*

Heard Oct. 26, 1992.

Decided Feb. 1, 1993.

Harwell, Chief Justice:

We granted certiorari to review *McPherson v. Michigan Mutual Ins. Co.*, — S.C. —, 412 S.E. (2d) 445 (Ct. App. 1991). The Court of Appeals held that respondent City of Charleston's (Charleston) general liability insurance policy excluded coverage for injuries received by petitioner Jonathan McPherson (McPherson) when he collided with a Charleston police car. We affirm as modified.

## I. FACTS

The relevant facts are fully developed in the opinion issued by the Court of Appeals. Briefly, McPherson sued Charleston and one of its police officers for constitutional violations and personal injuries he suffered when the officer attempted to block the path of a fleeing prowler with his cruiser. McPherson's complaint alleged that Charleston failed to train and supervise its police officers in the proper use of patrol cars. Charleston's insurer, respondent Budget and Control Board of the State of South Carolina, Division of General Services Insurance Reserve Fund (the Fund), denied coverage for McPherson's injuries based on an exclusion contained in Charleston's general liability policy.[1] McPherson and Charleston settled the suit after a mistrial.

Thereafter, McPherson and Charleston (jointly "petitioners") brought an action against the Fund and the Fund's reinsurance company, respondent Michigan Mutual Insurance Company (Michigan Mutual), seeking to recover the amount of the settlement under Charleston's general liability policy. The trial judge found that the policy covered McPherson's injuries so that the Fund was liable for the settlement amount. The trial judge also found that petitioners had no cause of action against the reinsurance company because they presented

---

[1] The applicable provision reads:

This insurance does not apply:

\*    \*    \*    \*    \*    \*

(b) to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile . . . owned or operated by . . . any insured, or
(2) any other automobile . . . operated by any person in the course of his employment by any insured. . . .

no authority establishing that a reinsurer would be directly liable to them after a judgment. The Fund appealed the coverage issue, and petitioners cross-appealed the trial judge's ruling that they had no cause of action against Michigan Mutual.

The Court of Appeals determined that Charleston's policy excluded coverage for McPherson's injuries and reversed that portion of the trial judge's order. The Court of Appeals affirmed the trial judge's ruling that petitioners had no cause of action against Michigan Mutual, holding that the lack of a contractual relationship between Michigan Mutual and petitioners precluded petitioners from asserting that Michigan Mutual was liable directly to them for the settlement amount. We granted certiorari.

## II. DISCUSSION

Charleston's general liability policy excludes coverage for injuries arising out of the ownership, operation or use of an automobile. Petitioners contend that McPherson's injuries, allegedly caused by Charleston's negligent failure to train and supervise police officers in the proper use of patrol cars, are not excluded from coverage because they did not arise out of Charleston's ownership, operation or use of an automobile. We disagree.

The phrase "arising out of" is not defined in Charleston's policy and may be interpreted many ways. *See,* e.g., *Murdock v. Dinsmoor,* 892 F. (2d) 7 (1st Cir. 1989). However, rules of construction require clauses of exclusion to be narrowly interpreted and clauses of inclusion to be broadly construed. This rule of construction inures to the benefit of the insured. *Buddin v. Nationwide Mutual Ins. Co.,* 250 S.C. 332, 337, 157 S.E. (2d) 633, 635 (1967). Here, the Court of Appeals relied primarily on cases construing clauses of inclusion to interpret the phrase "arising out of" in the exclusion provision of Charleston's general liability policy. In our view, the Court of Appeals improperly construed the exclusionary language in Charleston's policy by interpreting the phrase "arising out of" broadly to connote "causal relation to," "incident to," "flowing from," or "having connection with." Where the words of a policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Pitts v. Glenn Falls Indemnity Co.,* 222

S.C. 133, 72 S.E. (2d) 174 (1952). Accordingly, we hold that for the purpose of construing an exclusionary clause in a general liability policy, "arising out of" should be narrowly construed as "caused by." However, we find that even under a narrow construction of the exclusion, the injuries caused by Charleston's alleged negligent failure to train and supervise its officers in the proper use of patrol cars are not covered under the policy.

■ Charleston's alleged negligence is based on its duties as the owner of an automobile, and a breach of those duties that either caused or contributed to the negligent operation of that vehicle by the police officer. Clearly, without the police officer's allegedly negligent operation of the patrol car, there is no link by which Charleston's negligence can be independently connected to McPherson's injuries.[2] Therefore, applying the policy to Charleston as a separate insured, we conclude that McPherson's injuries arose out of Charleston's ownership of an automobile and are excluded from the coverage of Charleston's general liability policy. Moreover, we agree with the Court of Appeals that the policy excludes coverage for McPherson's injuries regardless of the legal theory by which they are claimed. *See Continental Casualty Ins. Co. v. City of Richmond*, 763 F. (2d) 1076 (9th Cir. 1985) (claims for wrongful death and civil rights violations not covered because they arose from injuries excluded by the policy).

Our finding that McPherson's injuries are not covered by Charleston's general liability insurance makes it unnecessary for us to address Petitioners' assertion that they have a cause of action against the Fund's reinsurer. The opinion of the Court of Appeals is

Affirmed as modified.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2] *Cf. Northern Assurance Co. of America v. EDP Floors, Inc.*, 311 Md. 217, 533 A. (2d) 682 (1987) (automobile exclusion applies to an employer's separate negligent act if vehicle use is essential to establish liability); *Behrens v. Aetna Life & Casualty*, 153 Ariz. 301, 736 P. (2d) 385 (Ariz. Ct. App. 1987) (negligent supervision cannot exist apart from negligent operation).