**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT L. ARSENAULT,
Plaintiff-Appellant,

v.

COMMERCIAL UNION INSURANCE
COMPANY,
Defendant-Appellee,                                         No. 97-1273

and

CUSTOMIZED SERVICES
ADMINISTRATORS INCORPORATED;
USASSIST, INCORPORATED,
Defendants.

Appeal from the United States District Court
for the District of South Carolina, at Greenwood.
Patrick Michael Duffy, District Judge.
(CA-94-2331-9-23)

Argued: April 6, 1998

Decided: July 22, 1998

Before NIEMEYER, Circuit Judge, PHILLIPS, Senior Circuit
Judge, and CHAMBERS, United States District Judge
for the Southern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Justin Finn, MULLEN LAW FIRM, Hilton Head Island, South Carolina, for Appellant. Christropher M. Bechhold, THOMPSON, HINE & FLORY, L.L.P., Cincinnati, Ohio, for Appellee. **ON BRIEF:** George E. Mullen, MULLEN LAW FIRM, Hilton Head Island, South Carolina, for Appellant. R. Davis Howser, Michael R. Sullivan, HOWSER, NEWMAN & BESLEY, L.L.C., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Robert L. Arsenault bought a travel protection package from Customized Services Administrators, Inc. (CSA) before beginning a trip to Europe. During the trip, Mr. Arsenault became ill. He eventually was transported by air ambulance from a hospital in Germany to a hospital in the United States. Mr. Arsenault argues that Appellee Commercial Union Insurance Company (CUIC) breached its duty under the contract to provide him with $25,000 in medical transportation coverage. The district court granted summary judgment for CUIC and denied summary judgment for Mr. Arsenault on the ground that the contract does not obligate CUIC to provide medical transportation coverage. We agree with the district court and thus affirm.

I. <u>BACKGROUND</u>

In 1993, Robert L. Arsenault and his wife began a trip to Europe. During that trip, Mr. Arsenault became very ill and was transported to a hospital in Hamburg, Germany. Mr. Arsenault remained in the Hamburg hospital for more than one month before being transported

2

by air ambulance to a hospital in the United States. The cost of the flight was more than $25,000.

Before leaving on their trip, the Arsenaults purchased a travel protection package from CSA. The travel protection package consisted of two types of benefits: 24-hour emergency hotline services provided by USAssist, Inc. and travel insurance provided by CUIC. The Certificate of Insurance and Description of 24 Hour Emergency Hotline Services (Certificate), which is part of the insurance contract, sets forth the duties of USAssist and CUIC.

Under the heading "24-HOUR EMERGENCY HOTLINE SERVICES Provided by USAssist" appear five subheadings: medical referral, emergency medical transportation, lost ticket and passport assistance, emergency cash, and legal assistance. Under the heading "INSURANCE COVERAGES Underwritten by Commercial Union Insurance Company, Boston, Massachusetts" appear six subheadings: trip cancellation and interruption coverage, travel delay coverage, baggage coverage, baggage delay coverage, medical expense coverage, comprehensive travel accident coverage, and collision/loss damage coverage. As part of its medical expense coverage, CUIC agreed to provide coverage "for professional nursing, hospital, x-ray, ambulance services and prosthetic devices."

The Schedule of Coverages set forth the following relevant maximum benefit amounts:

MEDICAL TRANSPORTATION   $25,000.00

. . .

OPTIONAL MEDICAL COVERAGE  $10,000.00

Mr. Arsenault received $10,000 in medical coverage benefits from CUIC, but did not receive $25,000 in medical transportation benefits from either CUIC or USAssist.

Claiming that he improperly was denied the medical transportation benefits, Mr. Arsenault sued CSA, CUIC, and USAssist. The trial

3

judge granted summary judgment for all three defendants. Mr. Arsenault settled with CSA and USAssist, but not with CUIC, after filing his notice of appeal. This appeal concerns only the liability of CUIC for the $25,000 in medical transportation benefits.

II. DISCUSSION

The parties agree that South Carolina law governs this dispute. Under South Carolina law, "[w]here the words of a policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured." McPherson v. Michigan Mutual Insurance Co., 426 S.E.2d 770, 771 (S.C. 1993). We review the district court's grant of summary judgment for CUIC de novo. Like the district court, we conclude that the contract is not susceptible to two reasonable interpretations. The contract unambiguously provides that USAssist, not CUIC, is responsible for the $25,000 in medical transportation coverage.

Mr. Arsenault argues that the reference to CUIC's liability for "ambulance services" in the medical expense coverage section creates a relevant ambiguity. We disagree. Construed in the light most favorable to Mr. Arsenault, the phrase "ambulance services" might include the air ambulance used to fly Mr. Arsenault from Germany to the United States. The phrase, however, appears in a section of the contract that unambiguously carries a maximum benefit amount of $10,000. CUIC paid Mr. Arsenault that amount and owes him no more.

For the foregoing reasons, we affirm.

AFFIRMED

4