588 S.E.2d 643

S.C. FARM BUREAU MUTUAL INSURANCE
COMPANY, Respondent,

v.

Mimi K. OATES, as GAL for Jonathan David Oates, Jr., a minor
under the age of 14, Mimi K. Oates, individually, Jonathan D.
Oates, Sr., individually, James W. Whitmore, Mary D. Whit-
more, Dana Tomlin, individually and d/b/a Tender Loving Care
Day Care (TLC) and Angela Dawn Adams, Defendants,

of whom Mimi K. Oates, as GAL for Jonathan David Oates,
Jr., Mimi K. Oates, Individually, and Jonathan D.
Oates, Sr., Individually are the, Appellants.

No. 3692.

Court of Appeals of South Carolina.

Submitted Sept. 8, 2003.

Decided Nov. 3, 2003.

James W. Tucker, Jr., of Rock Hill, for appellants.

Forrest C. Wilkerson, of Rock Hill, for respondent.

HOWARD, J.:

S.C. Farm Bureau Mutual Insurance Company ("Farm Bureau") brought this declaratory judgment action seeking a declaration that it did not provide coverage and had no duty to defend a pending tort action brought against its insured, Tender Loving Care Day Care ("TLC"), and TLC's owners, Jonathan W. Whitmore, Mary D. Whitmore, and Dana Tomlin. The circuit court ruled the Farm Bureau policy provided no coverage for the underlying claim and Farm Bureau had no duty to defend. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On May 4, 1997, Farm Bureau issued an insurance policy to TLC, insuring for damages it may become legally liable to pay for bodily injury or property damage arising out of the

ownership or maintenance of its premises. The policy, known as a special multi-peril liability policy, named TLC as the insured and provided:

> [Farm Bureau] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises ... and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage....

The policy also contained endorsement MP0023, entitled "Additional Policy Exclusion Endorsement." The exclusion stated: "This insurance does *not* apply to *bodily injury, property damage, or premises medical payments:* (a) *arising out of any acts* ... of sexual or physical molestation, *abuse,* assault, or harassment caused ... by any insured, or agent thereof ...." (emphasis added).

Following the issuance of the policy, Mimi K. Oates and Jonathan D. Oates, Sr. ("Oates") brought a tort action on behalf of themselves and their infant son, Jonathan, against TLC, its owners, and its employee, Angela Dawn Adams, alleging Adams severely injured Jonathan while he was in Adams' care. According to the complaint, Jonathan suffered permanent injuries from "shaken baby syndrome" on May 14, 1997.

Paraphrasing the complaint, it alleges that TLC and the owners of TLC are liable for the injuries to Jonathan caused by Adams because they were negligent in hiring her, training her, supervising her, understaffing the facility, failing to investigate reports of injuries, and generally, by allowing Adams to mistreat and/or injure Jonathan. The complaint also alleges Adams was an employee acting within the scope of her employment at the time of the injury, and was negligent in allowing herself to be placed in a position of caring for more children than her capabilities permitted, in injuring Jonathan on one or more occasions, in failing to ask for assistance, and in treating the child in a manner inconsistent with a nurturing caregiver.

Farm Bureau brought this declaratory judgment action to determine whether its insurance policy provided coverage for the acts forming the basis of the underlying tort claim, thus contractually requiring Farm Bureau to defend the suit. The circuit court ruled the acts alleged in the underlying tort action were not within Farm Bureau's policy coverage because: 1) the policy's exclusionary clause excluded Oates' negligence claims; and 2) Adams' acts did not constitute an "occurrence" within the provisions of the policy. Oates appeals. We affirm.

## LAW/ANALYSIS

■ Oates argues the trial court erred by finding Oates' negligence claims were excluded by the policy's exclusionary clause. We disagree.

■ "The cardinal rule of contract interpretation is to ascertain and give legal effect to" the parties' intentions as determined by the contract language. *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 105, 413 S.E.2d 866, 868 (Ct.App.1992); *see Torrington Co. v. Aetna Cas. & Sur. Co.,* 264 S.C. 636, 643, 216 S.E.2d 547, 550 (1975) (holding parties to a contract have the right to construct their own contract without interference from courts to rewrite or torture the meaning of the policy to extend coverage). When a contract is unambiguous a court must construe its provisions according to the terms the parties used, understood in their plain, ordinary, and popular sense. *C.A.N. Enter., Inc. v. South Carolina Health and Human Servs. Fin. Comm'n,* 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988).

■ The determination of whether an insurance company is obligated to defend an action under its policy provisions is based on the allegations of the complaint. If the facts alleged in the complaint fail to bring the case within the policy's coverage, the insurer has no obligation to defend. *South Carolina Med. Malpractice Liab. Ins. Joint Underwriting Ass'n v. Ferry,* 291 S.C. 460, 463, 354 S.E.2d 378, 380 (1987).

■ Oates' tort claim alleges the owners were negligent, and as a result, Adams abused Jonathan, causing him bodily injuries. Oates does not allege any other damages as a result

of the owners' negligence.[1] Thus, Oates' negligence claims are predicated on Jonathan's injuries, because without Jonathan's bodily injuries, the separate acts of negligence alleged by Oates are not actionable. *See Estate of Cantrell v. Green*, 302 S.C. 557, 560, 397 S.E.2d 777, 779 (Ct.App.1990) (holding to prevail in an action founded in negligence, the plaintiff must establish the following three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) *damage proximately caused by a breach of duty*).

Consequently, we must determine if Jonathan's bodily injuries are excluded by the policy, for if his bodily injuries are excluded by the policy, Oates' negligence claims will also be excluded. *See McPherson v. Michigan Mut. Ins. Co.*, 310 S.C. 316, 320, 426 S.E.2d 770, 772 (1993) (holding plaintiff's tort claims against defendant for negligent training and supervision were excluded by provisions of the insurance contract, where plaintiff's injuries occurred during a car accident, and the insurance contract excluded coverage for damages "arising out of" the use, operation, or ownership of an automobile); *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 474, 438 S.E.2d 275, 277 (Ct.App.1993) (holding plaintiff's negligence claims were excluded under the provisions of an insurance policy where the policy excluded any damages "arising out of" assault and battery, and plaintiff only alleged physical damages incurred when employees of the defendant attacked him).

The policy states it "does *not* apply to *bodily injury* ... (a) *arising out of any acts* ... of ... *abuse* ... caused ... by any insured, or agent thereof ...." (emphasis added). (R. 132). We construe the language "arising out of" narrowly to mean "caused by." *McPherson*, 310 S.C. at 320, 426 S.E.2d at 771.

Farm Bureau's insurance policy does not define "abuse." Therefore, we look to the common meaning of "abuse" in conjunction with the other language of the contract to deter-

---

1. To the extent Oates' complaint alleges damages that are not bodily injury or property damages, Oates has not appealed these issues. Thus, they are deemed abandoned on appeal. *See Gold Kist Inc. v. Citizens and Southern Nat. Bank of South Carolina*, 286 S.C. 272, 275, 333 S.E.2d 67, 70 (Ct.App.1985) (holding issues not argued on appeal are deemed abandoned).

mine its meaning within the policy. *See Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 62, 504 S.E.2d 117, 122 (1998) (holding when faced with an undefined term, the court must interpret the term in accord with its usual and customary meaning); *USAA Property and Casualty Ins. Co. v. Rowland,* 312 S.C. 536, 539, 435 S.E.2d 879, 881–82 (Ct.App. 1993) (holding when a term is not defined in an insurance policy, the court should define the term according to the usual understanding of the term's significance to the normal person); *see also Heilker v. Zoning Bd. of Appeals for City of Beaufort,* 346 S.C. 401, 409, 552 S.E.2d 42, 46 (Ct.App.2001) (holding dictionaries can be helpful tools for the purpose of defining terms); *MGC Mgmt. of Charleston v. Kinghorn Ins. Agency,* 336 S.C. 542, 549, 520 S.E.2d 820, 823 (Ct.App.1999) (holding the court must give insurance policy language its plain, ordinary, and popular meaning).

*Black's Law Dictionary* defines "abuse" as "[a] depart[ure] from legal or reasonable use in dealing with (a person or thing); to misuse. . . . To injure (a person) physically or mentally." *Black's Law Dictionary* 8 (7th ed. 2000); *see also The American Heritage Dictionary of the English Language* 6 (1973) (stating abuse means "[t]o hurt or injure by maltreatment").

Similarly, the South Carolina Criminal Code defines "child abuse or neglect' . . . [as] an act or omission by any person which causes harm to the child's physical health or welfare. . . ." S.C.Code Ann. § 16–3–85 (2003); *see also* S.C.Code Ann. § 20–7–490(2)(a) (Supp.2002) (" 'Child abuse or neglect', or 'harm' occurs when . . . [a person] . . . inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child. . . .").

When the allegations supporting liability in the underlying negligence action are viewed under any of the above-stated definitions of abuse, Jonathan's injuries arose out of abuse as that term is used in its plain, ordinary, and popular sense. Thus, the bodily injuries Jonathan sustained, and the resulting damages from those injuries, are excluded by the insurance contract. Consequently, Farm Bureau is not contractually required to defend TLC against Oates' negligence claims.[2]

---

2. Oates also argues the circuit court erred by holding Oates' tort claims did not constitute "occurrences," bringing the claims within the insur-

*See South Carolina Med. Malpractice Liab. Ins. Joint Underwriting Ass'n,* 291 S.C. at 463, 354 S.E.2d at 380 (holding an insurer has no duty to defend where a party's claims fail to bring the case within the policy's coverage).

## CONCLUSION

For the foregoing reasons, the decision of the circuit court is **AFFIRMED.**[3]

STILWELL and KITTREDGE, JJ., concurring.

---

ance policy's coverage. In that regard, Oates contends this case is analogous to *Manufacturers and Merchants Mut. Ins. Co. v. Harvey,* 330 S.C. 152, 498 S.E.2d 222 (Ct.App.1998). However, because we hold the claims are specifically excluded by the policy, we need not address this issue.

3. Because oral argument would not aid the Court in resolving any issue on appeal, we decide this case without oral argument pursuant to South Carolina Appellate Court Rules, Rule 215.