SCREENING MEMORANDUM

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Gary Robinson,       
Appellant.
 
 
 

Appeal From Dillon County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-390
Submitted April 21, 2004  Filed June 
 21, 2004   

AFFIRMED

 
 
 
Senior Assistant Appellant Defender Wanda P. Hagler, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 all of Columbia; and Solicitor Jay E. Hodge, Jr., of Cheraw, for Respondent.
 
 
 

          
PER CURIAM:  Robinson was convicted in December 
 1998 for armed robbery. He appealed the trial courts ruling. On remand from 
 the Court of Appeals, the trial court ruled that Robinson was mentally competent 
 to stand trial in December 1998 on the charges of armed robbery and was competent 
 during the adversarial hearing in December 2002.  Robinson appeals.  We affirm 
 [1] pursuant to Rule 220, SCACR and the following authorities:  State 
 v. Weik, 356 S.C. 76, 81, 587 S.E.2d 683, 685 (2002) (internal citation 
 omitted), adhered to on rehg State v. Weik, 356 S.C. 382, 581 
 S.E.2d 834 (2003) (The test for determining competency to stand trial is whether 
 the defendant has sufficient present ability to consult with his lawyer with 
 a reasonable degree of rational understanding and whether he has a rational 
 as well as a factual understanding of the proceedings against him.); State 
 v. Reed, 332 S.C. 35, 39, 503 S.E.2d 747, 749 (1998) (stating the defendant 
 bears the burden of proving his incompetence by a preponderance of the evidence); 
 State v. Nance, 320 S.C. 501, 504-505, 466 S.E.2d 349 (1996) (holding 
 the trial court's determination of competency will be upheld if it has evidentiary 
 support and is not against the preponderance of the evidence).
 AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issues on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.