In this insurance case, we must decide whether damage to Repsondents home 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Farm Bureau Mutual Insurance Company,       
Appellant,
 
 
 

v.

 
 
 
Henry Berlin and Terry Berlin,       
Respondents.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-062
Submitted December 1, 2004  Filed January 25, 2005

REVERSED

 
 
 
Andrew Steven Halio, of Charleston, for Appellant.
Claron A. Robertson, III, and Paul E. Sperry, both of Charleston, 
 for Respondents.
 
 
 

PER CURIAM: In this declaratory judgment 
 action concerning insurance coverage, we are asked to determine the efficacy 
 of an exclusion from coverage for loss . . . caused by . . . insects in a 
 homeowners insurance policy.  The insureds home was damaged as a result of 
 honey seeping into the ceilings and walls of their home from a honeybee hive.  
 While we recognize the rule of construction requiring clauses of exclusion in 
 an insurance policy to be narrowly interpreted, and clauses of inclusion to 
 be broadly construed, we findbased on the stipulated factsthat the loss sustained 
 by the homeowners was caused by insects.  We conclude, therefore, that the 
 loss is not covered by the policy.  In so holding, we reverse the judgment of 
 the circuit court. [1] 
STIPULATED FACTS/PROCEDURAL HISTORY
The parties entered into a stipulation 
 of facts.  A colony of honeybees nested in the walls and ceiling of Henry and 
 Terry Berlins home.  A hole was cut into the ceiling to ensure that the honeybees 
 were exterminated or abandoned the nests.  After the bees abandoned the nest 
 or were exterminated, the honey contained in the hive began to seep down through 
 the walls and ceiling, damaging the home. 
The Berlins notified their homeowners 
 insurance carrier, South Carolina Farm Bureau, of the damage.  Farm Bureau denied 
 coverage, specifically pointing to a policy provision that excluded coverage 
 for loss . . . caused by . . . birds, vermin, rodents, insects or domestic 
 animals.  
Farm Bureau subsequently brought this 
 declaratory judgment action seeking a determination that the damage to the Berlins 
 residence was caused by insects and therefore was not a covered loss under the 
 policy exclusion.  The Berlins counterclaimed for breach of contract.  Upon 
 consideration of the parties cross motions for summary judgment, the circuit 
 court found the language in the policy exclusionspecifically the phrase caused 
 bywas ambiguous and construed it against Farm Bureau.  The circuit court thus 
 found the damage from the dripping honey was not caused by insects under the 
 policy language and granted judgment in favor of the Berlins. 
STANDARD OF REVIEW
As noted above, the motion for summary judgment 
 at issue in this appeal was decided by the circuit court on facts stipulated 
 by the parties.  After a thorough review of the record, we find no argument 
 raised to the circuit court that a question of material fact existed.  To the 
 contrary, both parties suggested that the dispute was essentially legal in nature, 
 and therefore ripe for final disposition at the summary judgment stage.  In 
 cases with stipulated facts, this courts review is limited to whether the 
 trial court properly applied the law to those facts. Kay v. State Farm Mut. 
 Auto. Ins. Co., 349 S.C. 446, 448, 562 S.E.2d 676, 678 (Ct. App. 2002) (quoting 
 WDW Props. v. City of Sumter, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000)).  
 Were we to now entertain arguments on appeal that a question of fact precluded 
 summary judgment, this court would violate the longstanding rule that we only 
 address those issues properly raised and argued below.  See, e.g., 
 Schofield v. Richland County School Dist., 316 S.C. 78, 82, 447 S.E.2d 
 189, 191 (1994) (holding that an issue may not be raised for the first time 
 on appeal, but must have been raised to the trial judge to be preserved for 
 appellate review).
LAW/ANALYSIS
Farm Bureau claims the circuit court erred 
 in granting summary judgment in favor of the Berlins.  Specifically, Farm Bureau 
 argues the policy language excluding coverage for damage caused by insects was 
 not ambiguous and that the Berlins losses resulting from the honey seepage 
 fell squarely within that coverage exclusion.  We agree.
Resolution of this coverage question hinges 
 on the interpretation of the policy language excluding coverage for loss . 
 . . caused by . . .  insects. [2]   Insurance policies are subject to the general 
 rules of contract construction. Fritz-Pontiac-Cadillac-Buick v. Goforth, 
 312 S.C. 315, 318, 440 S.E.2d 367, 369 (1994). When the language of an insurance 
 contract is free from ambiguity, the words used must be taken and understood 
 in their plain, ordinary and popular sense, and such construction is for the 
 court. Id.  An insurers obligation under a policy of insurance is defined 
 by the terms of the policy itself, and cannot be enlarged by judicial construction. 
 Nationwide Mut. Ins. Co. v. Commercial Bank, 325 S.C. 357, 360, 479 S.E.2d 
 524, 526 (Ct. App. 1996).  It is true that ambiguous or conflicting terms in 
 an insurance policy must be construed liberally in favor of the insured and 
 strictly against the insurer. Diamond State Ins. Co. v. Homestead Indus., 
 Inc., 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995). Moreover, rules of 
 construction require clauses of exclusion to be narrowly interpreted, and clauses 
 of inclusion to be broadly construed. McPherson v. Michigan Mut. Ins. Co., 
 310 S.C. 316, 319, 426 S.E.2d 770, 771 (1993).    However, these rules of construction, 
 inuring to the benefit of the insured, do not trump clear and unambiguous policy 
 terms.  Where the intention of the parties is clear, courts have no authority 
 to torture the meaning of policy language to extend coverage that was never 
 intended by the parties. Diamond State, 318 S.C. at 236, 456 S.E.2d at 
 915.
We are presented with the narrow question:  
 Was the damage to the Berlins home from the honey seeping from the honeybee 
 hive caused by the honeybees?  In light of the stipulated facts, we answer 
 the question in the affirmative, for there is indisputably a direct and immediate 
 causal relationship between the honeybees and resulting damage from the honeybee 
 hive.  
The Berlins argue that the phrase caused by in 
 an insurance policy inclusion clause warrants a broad and expansive interpretation 
 and, conversely, a narrower interpretation in the context of a policy exclusion.  
 We agree, but that distinction does not, we believe, justify our rejection of 
 the policy exclusion here.  See King v. North River Ins. Co., 
 278 S.C. 411, 413, 297 S.E.2d 637, 638 (1982) (construing a clause of inclusion 
 broadly, noting that it is generally sufficient to prove the event insured 
 against was the efficient cause of the loss, even though not the sole 
 cause);  Stevenson v. Connecticut General Life Ins. Co., 265 S.C. 348, 
 349-50, 218 S.E.2d 427, 430 (1975) (construing a clause of inclusion broadly, 
 holding that policy language insuring against losses resulting from an accidental 
 bodily injury directly and independently of all other causes should be interpreted 
 as meaning those losses proximately caused by the accidental bodily injury, 
 even though some other cause may have contributed to a minor degree); Lesley 
 v. American Sec. Ins. Co., 261 S.C. 178, 182-83, 199 S.E.2d 82, 84-85 (1973) 
 (interpreting a policy inclusion clause insuring losses directly and immediately 
 resulting from . . . fire and lightning as meaning losses proximately caused 
 by fire and lightningspecifically opining that the terms proximate and immediate 
 are virtually synonymous);  7 Lee R. Russ & Thomas F. Segalla, Couch 
 on Insurance § 101:40, at 101-127 to 101-129 (3d ed. 1999) (the rule of 
 causation applied in the context of insurance coverage is proximate cause)   
 (footnotes omitted).   This rule of liberal construction in favor of the insured, 
 to be sure, requires a different interpretation and application of the same 
 causal-relationship phrase when it is part of a clause of exclusion.  Where 
 we part ways with the Berlins analysis is their conclusion that this rule of 
 construction, standing alone, mandates a rejection of the policy exclusion before 
 us and a finding of coverage.  We adhere to the view that the phrase caused 
 by in an exclusion clause retains some meaning and efficacy, albeit a narrow 
 and restricted meaning.
The case of McPherson v. Michigan Mutual Insurance 
 Co. provides some guidance.  In McPherson, our supreme court granted 
 certiorari to review a decision of this court.  We had held that the City of 
 Charlestons general liability insurance policy excluded coverage for McPhersons 
 injuries resulting from a collision with a Charleston police vehicle.  McPherson 
 v. Michigan Mut. Ins. Co., 306 S.C. 456, 412 S.E.2d 445 (Ct. App. 1991), 
 affd as modified, 310 S.C. 316, 426 S.E.2d 770 (1993).  
 The supreme court affirmed in result, but found fault with this courts construction 
 of the relevant policy exclusion.  Recognizing that the phrase in the exclusionary 
 clausearising out ofis subject to many interpretations, the supreme court 
 noted that this court erred when it relied primarily on cases construing clauses 
 of inclusion to interpret the phrase arising out of in the exclusion provision 
 of Charlestons general liability policy. McPherson, 310 S.C. at 319, 
 426 S.E.2d at 771.  The supreme court adopted a construction of the phrase in 
 the exclusion provision most favorable to the insured. Id. at 319-20, 
 426 S.E.2d at 771.  The court held that for the purpose of construing an exclusionary 
 clause in a general liability policy, arising out of should be narrowly construed 
 as caused by. However, we find that even under a narrow construction 
 of the exclusion, the injuries . . . are not covered under the policy.  Id. 
 at 320, 426 S.E.2d at 771-72 (emphasis added).  We similarly conclude that even 
 under a narrow construction, the damage to the Berlins home was caused by 
 the honeybees.
The stipulated facts lead to the inescapable 
 conclusion that the cause of the damage to the Berlins home was the activity 
 of the honeybees themselves.  Were we required to resort to an attenuated proximate 
 cause analysis to link the damage to the Berlins home to the honeybees, the 
 rule in McPherson would compel a different result.  Here, however, the 
 nexus between the honeybees, honey, and damage is immediate and direct.  It 
 belies common sense and experience to suggest that, merely because the homeowners 
 took measures to eliminate an insect infestation, the causal connection to the 
 insects themselves is broken such that the natural, consequential effects of 
 the insect activity are no longer subject to a standard policy exclusion for 
 damage caused by insects.
CONCLUSION
We find the damage to the Berlins home was caused 
 by the honeybees and that Farm Bureau properly relied on the applicable exclusion 
 in denying coverage.  The judgment of the circuit court is
REVERSED.
 HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
      
 [1] In fairness to the able circuit judge, our holding is grounded on authority 
 that was not presented to him.

 
      
 [2] The parties stipulated that [a] honeybee is an insect under the policy.