**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1444**

STANDARD PACIFIC OF THE CAROLINAS, LLC,

                Plaintiff – Appellant,

     v.

AMERISURE INSURANCE COMPANY,

                Defendant – Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District Judge.  (0:10-cv-01620-JFA)

Argued:  September 19, 2012      Decided:  December 19, 2012

Before NIEMEYER and DIAZ, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

Payton Dwight Hoover, DEAN & GIBSON, Charlotte, North Carolina, for Appellant.  Tracy Lynn Eggleston, COZEN O'CONNOR, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Standard Pacific of the Carolinas, LLC ("Standard Pacific") brought this action against Amerisure Insurance Company ("Amerisure"), seeking a declaration of its rights to a defense and indemnity under an "additional insured" endorsement in an insurance policy. The district court granted summary judgment to Amerisure on Standard Pacific's claim, concluding that the endorsement did not clearly require the insurer to provide "your work" coverage. In our view, however, the district court read the endorsement too narrowly. Rather, construing the policy in favor of the insured, we hold that it provides coverage to Standard Pacific. Accordingly, we reverse.

I.

A.

On June 21, 2008, Terry Shortt fell off his bicycle and broke his back after encountering an allegedly deteriorated section of an asphalt walking path in the common area of Ridge Point Community in Rock Hill, South Carolina. Standard Pacific, formerly known as Westfield Homes of the Carolinas, LLC, was the developer of the Ridge Point Community project. Standard Pacific hired Matthews Construction Company, Inc. ("Matthews") as the general contractor for the project pursuant to a "Land Development-Construction Agreement" (the "Agreement").

2

Amerisure was Matthews's insurer. Matthews completed its work at the Ridge Point community in August 2004, about four years before Shortt's accident.

Shortt sued Standard Pacific, Matthews, and others in South Carolina state court, alleging that they jointly and severally breached their duty to exercise reasonable care in designing, developing, constructing, managing, and maintaining the walking path to prevent dangerous and hidden conditions. Standard Pacific in turn filed a separate state suit in South Carolina seeking, among other relief, the court's declaration of the relative rights and obligations of the parties under the terms of an insurance policy issued by Amerisure to Matthews. Amerisure subsequently removed the case to the United States District Court for the District of South Carolina.

B.

Amerisure issued a Commercial General Liability Insurance Policy to Matthews, effective from January 1, 2008, to January 1, 2009. The policy had a general aggregate limit of $2,000,000 and a "products-completed operations" aggregate limit of $2,000,000. J.A. 112. The policy included a "Contractor's Blanket Additional Insured Endorsement." J.A. 28. The endorsement provided coverage under the policy to additional parties whom Matthews was required to insure by "written contact

3

or agreement."  The endorsement limited the coverage of such additional parties to liability arising out of:

> (a) Premises you own, rent, lease, or occupy, or
> (b) Your ongoing operations performed for that additional insured, **unless the written contract or agreement or the certificate of insurance requires "your work" coverage (or wording to that same effect)** in which case the coverage provided shall extend to "your work" for that additional insured.

Id. (emphasis added).  The policy defined "your work" as "[w]ork or operations by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations."  J.A. 105.

The Agreement, which predated the insurance policy, contained several provisions relevant to this appeal.  First, it required Matthews to furnish Standard Pacific with a certificate from a licensed insurance company showing that (1) Matthews had in effect a policy of general liability insurance providing coverage at least equivalent to the 1986 Commercial General Liability Insurance policy,[1] with at least "a $500,000.000 Products/Completed Operations Aggregate Limit," J.A. 184, and (2) Standard Pacific's predecessor, Westfield Homes of North Carolina, was an additional insured under the policy.  Id.

---

[1] The 1986 Commercial General Liability Insurance Policy is a standard form insurance policy created by the Insurance Services Organization.

4

Second, the Agreement required Matthews to:

"indemnify, defend and hold harmless [o]wner, [c]onstruction [m]anager and the owner of the Site . . . from and against any and all claims, loss, damage or expense (including attorneys' fees and other costs of defense incurred by [o]wner in defending against any claims or in enforcing this indemnity and defense obligation) arising out of or in connection with the performance of the [w]ork."

Id.

C.

Standard Pacific moved for "Partial Judgment on the Pleadings/Summary Judgment" regarding Amerisure's insurance coverage and duty to defend. J.A. 350-56. The district court denied the motion and instead sua sponte granted summary judgment to Amerisure. The court noted that, "the plain language of the insurance policy allows for 'your work' coverage for the additional insured only when a written agreement requires it explicitly or with equivalent language." J.A. 559. The court reviewed the Agreement between Standard Pacific and Matthews and concluded that "[n]owhere in the 'Work,' 'Protection of Work,' or 'Indemnity' sections [of the Agreement] does Matthews agree to provide the equivalent to 'your work' coverage." J.A. 558. And to the extent that there was ambiguity as to what type of coverage was required by the

5

Agreement, the district court concluded that any ambiguity was to be construed against Standard Pacific as the drafter.[2]

Standard Pacific moved for reconsideration of the district court's order, which the court denied. After voluntarily dismissing, without prejudice, its remaining claims, Standard Pacific timely appealed.

## II.

We review a grant or denial of summary judgment de novo, applying the same standard applied by the district court. Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 938 (4th Cir. 1991).

We consider here whether the language of the Agreement is sufficient to trigger coverage for Standard Pacific under the additional insured endorsement contained in the Amerisure policy issued to Matthews. Amerisure contends that the coverage afforded Standard Pacific by the endorsement is limited to Matthews's ongoing operations because the Agreement does not clearly require "your work" coverage. Standard Pacific responds that the endorsement does not require the use of the term "your

[2] The district court also held that the Agreement does not violate South Carolina Code § 32-2-10, which declares construction contracts that indemnify the promisee against liability resulting from their own negligence void as against public policy. That ruling has not been appealed.

work" to provide the relevant coverage, but rather allows for coverage if the Agreement includes "wording to that same effect." According to Standard Pacific, such wording is found in several places in the Agreement. We agree with Standard Pacific.

Under South Carolina law, "clauses of exclusion" in an insurance policy are to be "narrowly interpreted," while "clauses of inclusion" are "to be broadly construed." McPherson v. Mich. Mut. Ins. Co., 426 S.E.2d 770, 771 (S.C. 1993).[3] Relatedly, where the words of an insurance policy are capable of two reasonable interpretations, the court will adopt the construction most favorable to the insured. Forner v. Butler, 460 S.E.2d 425, 427 (S.C. 1995). In this case, the endorsement issued to Matthews by Amerisure requires that a contract with an additional insured include the phrase "your work" or "wording to that same effect" in order to invoke coverage for completed operations. Thus, Standard Pacific is entitled to coverage if the Agreement satisfies either one of these conditions.

Although it is certainly true, as the district court found, that the Agreement does not explicitly refer to "your work"

---

[3] The parties do not dispute that this diversity action is governed by the law of South Carolina. Nor do they assert that the appeal presents anything other than a question of law regarding the scope of coverage under the policy.

7

coverage, we conclude that it does include "wording to that same effect" sufficient to trigger coverage. To begin with, the "Liability Insurance" section of the Agreement requires a minimum amount of "Products/Completed Operations" coverage, which South Carolina law recognizes as encompassing coverage for "bodily injury and property damages arising out of 'your product' or 'your work.'" Laidlaw Envtl. Servs. (TOC), Inc., v. Aetna Cas. & Sur. Co. of Ill., 524 S.E.2d 847, 851 (S.C. 1999). Moreover, the "Indemnity" section of the Agreement obligates Matthews to indemnify and hold harmless Standard Pacific "from and against any and all claims, loss, damage or expense . . . arising out of or in connection with the performance of the Work or any portion thereof." J.A. 185 (emphasis added). Although "arising out of" and "performance" are undefined in the Agreement, the meaning of those terms given by other sources supports the conclusion that the parties contemplated "your work" coverage.

In that regard, the Supreme Court of South Carolina has interpreted "arising out of" to mean "caused by" in the context of an exclusionary clause in a general liability policy. McPherson, 426 S.E.2d at 771. Additionally, "performance" is commonly understood to mean "[t]he successful completion of a contractual duty" and is also "termed full performance." Black's Law Dictionary 1252 (9th ed. 2009). And although

8

"performance" usually "result[s] in the performer's release from any past or future liability," id., the parties here specifically contracted for prospective indemnity for claims arising out of the performance of Matthews's work.

In sum, Matthews committed in the Agreement to extend "your work" coverage to Standard Pacific, if not expressly then by using "wording to that same effect" as contemplated by the policy endorsement. We think this conclusion is both free from doubt and consistent with a view of the policy most favorable to the insured. McPherson, 426 S.E.2d at 771. The district court therefore erred in granting summary judgment to Amerisure.

III.

For the foregoing reasons, we reverse the judgment of the district court and remand with instructions that it enter summary judgment for Standard Pacific.

REVERSED AND REMANDED