**NOT FOR PUBLICATION**

MAY 19 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CARLOS F. VERDUGO, M.D., husband and GLORIA VERDUGO, wife, <br><br> Defendants-Appellants, <br><br> and <br><br> SILVIA VERDUGO MARTINEZ and MANUEL MORENO, <br><br> Defendants. | No. 16-15687 <br><br> D.C. No. 4:14-cv-02585-CKJ <br><br> MEMORANDUM[*] |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CARLOS F. VERDUGO, M.D., husband; | No. 16-15717 <br><br> D.C. No. 4:14-cv-02585-CKJ |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

et al.,

        Defendants,

 and

MANUEL MORENO,

        Defendant-Appellant.

Appeals from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 10, 2017[**]
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and WILKEN,[***] Senior District Judge.

    Defendants-appellants Manuel Moreno (Moreno), Carlos F. Verdugo, M.D., and Gloria Verdugo (the Verdugos) (collectively, defendants) appeal from the district court's grant of summary judgment to plaintiff-appellee American Family Mutual Insurance Company (American Family) and denial of summary judgment to defendants. The Verdugos's daughter Sylvia Martinez is the mother of

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

Moreno's son, who died as a result of abuse inflicted by Martinez's boyfriend, Karlo Osuna Medina (Medina). After Moreno obtained a jury verdict against the Verdugos based on their negligence in not reporting or preventing Medina's abuse, the Verdugos sought personal liability coverage under their homeowners insurance policy issued by American Family.

American Family brought the underlying action for declaratory relief establishing that coverage was barred by the policy's "abuse exclusion," which states that coverage is excluded for "bodily injury . . . arising out of or resulting from any actual or alleged: a. sexual molestation or contact; b. corporal punishment; or c. physical or mental abuse of a person." Defendants contend that the district court erred by holding that this exclusion barred coverage and that this interpretation was not contrary to the Verdugos's reasonable expectations of coverage. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. The Arizona Supreme Court has not addressed the application of such an "abuse exclusion;" therefore, we must predict how that court would decide the issue, using "intermediate appellate court decisions" and other sources. *Trishan*

---

[1] We decline to award attorneys' fees pursuant to A.R.S. § 12-341.01 to American Family. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (granting "broad discretion" to the court on whether to award attorneys' fees).

*Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 427 (9th Cir. 2011) (citation omitted); *see also Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (applying state substantive law in a diversity action). Here, decisions of the Arizona Court of Appeals indicate that the Arizona Supreme Court would conclude that the abuse exclusion bars coverage.

The Arizona Court of Appeals has addressed the application of similar exclusions to negligence claims based on excluded conduct, and has rejected defendants' and other jurisdictions' view of such negligence claims as "separate and distinct tort[s]" not barred by the exclusions. *Lumbermens Mut. Cas. Co. v. Kosies*, 602 P.2d 517, 518-19 (Ariz. Ct. App. 1979). Instead, the Arizona Court of Appeals views claims for negligent entrustment or supervision as claims that "cannot exist apart from the excluded [conduct]." *Behrens v. Aetna Life & Cas.*, 736 P.2d 385, 386 (Ariz. Ct. App. 1987); *see also Am. Fam. Mut. Ins. Co. v. White*, 65 P.3d 449, 457 (Ariz. Ct. App. 2003) (holding that a negligent supervision claim against parents was "excluded because it derive[d] from the claim against [their son], which [was] excluded").

These decisions indicate that the Arizona Supreme Court would reach the same conclusion as the district court, and are not countered by "persuasive data" demonstrating otherwise. *Martinez v. Asarco Inc.*, 918 F.2d 1467, 1471 n.4 (9th

4

Cir. 1990) (emphasis omitted); *see also Vestar*, 249 F.3d at 960 ("[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." (citation omitted)). Accordingly, the district court correctly held that the abuse exclusion barred coverage here, because Moreno's claims against the Verdugos were for bodily injury arising from physical abuse. Moreno's claims "necessarily include[]" Medina's abuse, and "cannot exist apart from" that excluded physical abuse. *Behrens*, 736 P.2d at 386.

The district court also correctly held that the abuse exclusion is not ambiguous, as it plainly and unambiguously bars coverage for bodily injury arising out of physical abuse.

2. This interpretation of the abuse exclusion, and its application to Moreno's claims against the Verdugos, are not contrary to the Verdugos's reasonable expectations of coverage. Arizona's reasonable expectations doctrine can apply even where a term is unambiguous, but only "in a limited variety of situations." *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 283 (Ariz. 1987) (emphasis omitted). Defendants fail to show that any of these limited circumstances exist here: (1) the contract terms would be understood by a reasonably intelligent customer, (2) the Verdugos received notice of the term, (3) no activity by

American Family would create an objective impression of coverage, and (4) no activity by American Family induced the Verdugos in particular to believe that they had coverage. *See id.* at 283-84. Accordingly, the district court correctly held that application of the exclusion was not contrary to the Verdugos's reasonable expectations of coverage.

**AFFIRMED.**