11035

BRABHAM v. SO. EXPRESS CO. *ET AL.*

(117 S. E., 368)

1. CORPORATIONS—EXPRESS COMPANY TAKING OVER ASSETS OF OTHER COMPANIES LIABLE FOR LIABILITIES OF SUCH COMPANIES.—An express company, having taken over the assets of other express companies and announced that outstanding claims against such other companies would be adjusted by it as soon as possible, is liable for a loss and damage claim under a contract made by one of such constituent companies prior to the consolidation.

2. CONSTITUTIONAL LAW—HOLDING THAT EXPRESS COMPANY TAKING OVER ASSETS OF OTHER COMPANIES ASSUMES THEIR LIABILITIES NOT VIOLATIVE OF AMENDMENT 14.—Requiring an express company to pay the liabilities of other express companies, whose assets it had taken over under an announced policy to adjust all outstanding claims against such constituent companies as soon as possible, does not involve the taking of property without due process of law and the denial of equal protection of laws in contravention of Amendment 14.

3. EVIDENCE—SECONDARY EVIDENCE OF CONTRACT STRICKEN OUT, CON-
TRACT BEING IN DEFENDANT'S POSSESSION.—Where defendant had in
its possession a written contract and sought to prove its contents
in part without producing the instrument, such evidence was
properly stricken.

Before PRINCE, J., Hampton, 1922. Affirmed.

Action by M. F. Brabham against the Southern Express
Company, American Railway Express Company, and an-
other. From an adverse judgment against it alone, the
American Railway Express Company appeals.

*Mr. J. W. Manuel,* for appellant, cites: *Judgment takes
property of appellant without due process of law:* 169 U.
S., 366; 14th Amend. U. S., Const.; Const 1895, Art. 1,
Sec. 17. *Liabilities of former company not assumed:* 103
S. E., 129. *Nor is new company liable therefor:* 79 Miss.,
341; 181 Ky., 90; 134 Ga., 75; 103 S. E., 129.

*Mr. W. D. Connor,* for respondent, cites: *Estoppel:* 81
S. C., 482; 38 S. E., 616; 42 S. C., 348; *"Adjustment"* 1
Cyc., 795.

October 12, 1922.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action for damages by respondent against
Southern Express Company, Walker D. Hines, Director
General of Railroads, and American Railway Express Com-
pany. His Honor Judge Prince, eliminated at the trial on
Circuit all of the defendants except the American Railway
Express Company, and directed a verdict in favor of plain-
tiff as to it.

American Railway Express Company alone appeals,
and three exceptions subdivided, impute error in tak-
ing property without due process of law and deny to
appellant equal protection of the law, that there is no evi-
dence to warrant and sustain verdict, and in ruling out the
evidence of the witness Clark, as to an agreement between
appellant and Southern Express Company, and in refusing

motion for a directed verdict in favor of appellant and in the Judge's charge to the jury.

We do not see how the Fourteenth Amendment of Federal Constitution applies; if it does, respondent can invoke it, for the Southern Express Company got his property under contract, he has been damaged, and is seeking to recover from some one his unquestioned damages, the appellant over the signature of its president, on July 1, 1918, announced eight express companies, including Southern Express Company, would be taken over and conducted in the name of American Railway Express Company, that the outstanding loss and damage claims of the several companies including the Southern Express Company, would be handled and adjusted as promptly as possible by the new company. The appellant's position does not appeal to us; it is an attempt to dodge the damages that respondent has sustained by a quirk and technical question of law, and smacks too much of a skin game, and hand stacked and dealt to dealer from the bottom of the deck.

2, 3 The appellant has the contract it made with Southern Express Company, could have produced it, did not, but attempted to prove by a witness what it contained in part. His Honor committed no error in striking out that evidence. The appellant cannot now at this state of the case repudiate its liability. By its action it has allowed the Southern Express Company to go out of existence and now proposes to let the respondent whistle for his money, and by its technicality, which would besmirch the character of any honest man, smacks its lips and licks its chops and congratulates itself on its shrewdness in avoiding its payment of a just claim.

We see no merits in any of the exceptions and no error at all on the part of his Honor. All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER, COTHRAN, and MARION concur in the result.