11514

BROWN v. AMERICAN RAILWAY EXPRESS CO.

(123 S. E., 97)

1. CORPORATIONS—EVIDENCE HELD NOT TO SHOW THAT TRANSFEREE OF ASSETS OF CORPORATION WHICH MAINTAINED SEPARATE EXISTENCE WAS LIABLE FOR TRANSFEROR'S DEBTS.—Evidence that one express company transferred part of its assets to another and both companies maintained a separate existence *held* not to show as matter of law that latter company was liable for debts of former company.

2. WORDS AND PHRASES—"PUBLIC POLICY" DERIVABLE FROM CONSTITUTION, STATUTES, AND JUDICIAL DECISIONS.—The public policy of the State properly cognizable by Courts is that derived or derivable by clear implication from its Constitution, statutes, and judicial decisions.

3. CORPORATIONS—WHEN PURCHASING COMPANY LIABLE FOR DEBTS OF SELLING CORPORATION, STATED.—To render a purchasing company liable for debts of selling corporation, it must appear that there was an agreement to assume such debts, that there was a consolidation, that purchasing corporation was a mere continuation of selling corporation, or that transfer was pretensive or fraudulent in fact.

---

Note: On effect of consolidation, merger, or absorption of corporation, on its unsecured liabilities, in absence of statutory or contract provisions relating thereto, see notes in 11 L. R. A. (N. S.), 1119, and 32 L. R. A. (N. S.), 616.

On liability of corporation for debts of predecessor, see note in 15 A. L. R., 1112.

4. APPEAL AND ERROR—NO REVIEW OF ALLEGED ERRONEOUS ADMISSION OF EVIDENCE NOT CONSIDERED BELOW.—Where, on appeal from a directed verdict, record does not disclose that alleged erroneous admission of evidence was noticed by respondent as an additional sustaining ground, validity of objections to evidence on the trial will not be considered on appeal.

Before RICE, J., Spartanburg, January, 1922. Reversed and remanded.

Action by M. W. Brown against American Railway Express Company. Judgment for plaintiff on a directed verdict and defendant appeals.

*Messrs. Evans & Galbraith,* for appellant, cite: *Action not brought within time limited in express receipt:* 118 S. E., 614; 119 S. E., 905.

*Messrs. Lyles, Daniel & Drummond,* for respondent, cite: *Plaintiff entitled to directed verdict:* 124 S. C., 157.

May 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff brought action July 1, 1920, against the defendant, American Railway Express Company, to recover damages for alleged failure of the defendant to deliver a part of a shipment of automobile tires received by defendant's predecessor, the Southern Express Company, at Charlotte, N. C., on January 14, 1918, for transportation and delivery to plaintiff at Pacolet, S. C. From judgment on a directed verdict for the plaintiff, the defendant appeals.

The exceptions raise, substantially, two questions: (1) Was the action barred by the failure of the plaintiff to bring suit within two years and one day after a reasonable time for delivery of the property had elapsed? And (2) did the trial Court err in holding that the evidence was open to no other reasonable inference than that the defendant, as the successor of the Southern Express Com-

pany, was personally liable to plaintiff for the payment of the claim in suit?

As to the first question, the record does not disclose that the allegation of defendant's answer to the effect that, if the shipment was ever delivered to defendant, it was accepted subject to the terms of a written contract, containing a stipulation limiting the time within which suits for loss, etc., should be brought, was supported by any proof adduced on the trial. In the absence of any evidence tending to establish the alleged written contract, appellant's contention as to the application of the limitation of two years and one day for bringing suit (exceptions 1, 6, and 7) must be overruled.

As to the second question, we are of the opinion that the ruling of the trial Court was erroneous. Evidence was adduced tending to establish that the shipment in question was delivered to and accepted by the Southern Express Company; that at the time the shipment was received by the. Southern Express Company, January 14, 1918, the defendant, American Railway Express Company, was not in existence; that the defendant was incorporated under the laws of Delaware on or about July 1, 1918; that the defendant acquired by purchase the tangible property and took over the operation of the business formerly conducted by the Southern Express Company on or about July 1, 1918; that it did not acquire all of the property of the Southern Express Company and did not assume the payment of the outstanding debts and liabilities of that company; that the Southern Express Company thereafter continued its corporate existence, with a president, treasurer, claim department, board of directors, etc.; and that at the time of the trial of this cause it owned real estate, stocks, and bonds, not included in the property transferred to the American Railway Express Company. That the foregoing evidential facts are susceptible of the inference that the liability incurred was that of the Southern Express Company, and not that of the American Railway

Express Company, is not open to question. The Circuit Judge seems to have conceded that the liability sued upon was incurred by the Southern Express Company, but held substantially that because the defendant had acquired and taken over the business of the Southern Express Company, it should be held liable as a matter of law for the delicts and debts of its predecessor on grounds of public policy. The public policy of a state, properly cognizable by the Courts, is that derived, or derivable by clear implication, from its Constitution, statutes, and judicial decisions. *Weeks v. New York Life Ins. Co.* (S. C.), 122 S. E., 586, recently filed.

In *Whiting v. Malden & M. R. Co.,* 202 Mass., 298; 88 N. E., 907; 132 Am. St. Rep., 493, it was said:

"It is very plain that, in the absence of a statutory provision on the subject, the acquisition of all the stock, property and assets of a corporation, by an individual or by another corporation, does not of itself make the new holder liable to pay the debts of the corporation."

Section 4797, Vol. 3, Code 1922, makes a railroad company, formed by the consolidation of other railroad companies under the laws of this state, liable for the debts of the constituent companies. But we know of no statute, and have been cited to none, which requires that a *bona fide* acquisition by purchase of the assets, or the taking over of the business, of one public service corporation by another, shall of itself entail personal liability upon the purchaser or successor for the debts of its predecessor.

In the absence of statute, in order to render a purchasing company liable for the debts of the selling corporation, it must appear: (a) That there was an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; (c) or that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transfer was pretensive of the transaction fraudulent in fact. 7 R. C. L.,

183, § 156. *Luedecke v. Des Moines Cabinet Co.*, 140 Iowa, 223; 118 N. W., 456; 32 L. R. A. (N. S.), 616, and cases therein cited. See authorities collated, notes 11 L. R. A. (N. S.), 1119; 32 L. R. A. (N. S.), 616; 15 A. L. R., 1112. In the case of *McAlister v. American Railway Express Co.*, 179 N. C., 556; 103 S. E., 129; 15 A. L. R., 1090, wherein, as in the case at bar, the defendant was sued upon a liability incurred by the Southern Express Company, the Court said:

"We cannot bring our minds to the conclusion that the defendant is liable for the debts of the Southern Express Company upon the material facts of this case. The cases which hold that a new corporation must pay the debts of the original one are those where there was a reorganization, consolidation, amalgamation, or union, and the new company is subjected to liability for the debts and torts of the old company upon the ground of an implied assumpsit, or of fraud, or under the trust-fund doctrine, or because, by reason of the facts and circumstances, the complete absorption of the old company and its assets, including its franchise, being the leading and controlling one, it is completely substituted in its place, and thereby becomes the debtor to its creditors. It would be manifestly unfair, unjust, and contrary to equity that it should thus acquire all of the assets of the other corporation, and its franchise, both to be, and to do, leaving no one to be sued by its creditors and no property to satisfy its debts and other liabilities, and not itself become responsible for such debts and other liabilities. If it takes the benefit, it must, as has so often been said, take the burden, which equitably attaches, with it. But this case bears no resemblance to the ones just stated. There has been no reincorporation, reorganization, consolidation, merger, or anything else done. The Southern Express Company is still a live and going concern. It is exercising both its franchise to be, and to operate, and to conduct its business, and it is not even insolvent, but has enormous assets apart from the property assigned, for commensurate and

adequate value, to the Delaware corporation, which is the defendant here."

In the *McAlister Case* the authorities are fully reviewed, and we think the conclusion reached upon the admitted facts in that case is sound.

In the case at bar there was evidence tending to establish all of the facts upon which the conclusion in the *McAlister Case* was rested. But the proof of those facts was not conceded in this case, and the respondent contends that the evidence offered to establish certain of those facts was inadmissible, and that upon the admissible evidence the plaintiff was entitled to a directed verdict under the authority of the decision of this Court in *Brabham v. Southern Express Co. et al.*, 124 S. C., 157; 117 S. E., 368. The Circuit Court does not appear to have ruled directly upon the admission of the evidence objected to, but in ruling upon the motion to direct a verdict referred to the evidence as to the formation of the American Railway Express Company, etc., as if it had been admitted. The record does not disclose that the alleged erroneous admission of this evidence was noticed by respondent as an additional sustaining ground, and the validity of the objections interposed on the trial will not now be considered. In the *Brabham Case* the result reached was predicated upon the view that the evidence admitted in that case was susceptible of no other reasonable inference than that the Southern Express Company had gone out of existence, leaving no one to be sued by its creditors and no property to satisfy its debts; that it had become consolidated with or merged in the American Railway Express Company; and that liability for the payment of claims outstanding against it had been expressly or impliedly assumed by the American Railway Express Company. The evidence in the case at bar does not warrant that conclusion as the only reasonable inference. The exceptions, assigning error in the direction of a verdict for the plaintiff, must therefore be sustained.

The exceptions directed to the contention that the trial Court erred in refusing to direct a verdict for the defendant are overruled. It cannot be held that the evidence adduced by plaintiff was not susceptible of inferences of fact which would support a conclusion, under the foregoing views of the principles governing liability, that the defendant was legally liable for the payment of the plaintiff's claim in the case at bar.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur MR. CHIEF JUSTICE GARY did not participate.