657 S.E.2d 67

Bobby R. WALTON, Appellant,

v.

MAZDA OF ROCK HILL, Mazda USA, Lee Faile, Ken McManus, Eric Sigmon, and C.A.R.S., Defendants,

of whom Ken McManus and Eric Sigmon are the Respondents.

No. 4306.

Court of Appeals of South Carolina.

Decided Oct. 19, 2007.
Withdrawn, Substituted, and Refiled Jan. 10, 2008.
Rehearing Denied Jan. 10, 2008.

302

Mitchell K. Byrd, Sr., of Hilton Head Island, for Appellant.

Lucy London McDow, of Rock Hill, for Respondent.

PER CURIAM.

Bobby Walton filed this action alleging, *inter alia*, breach of contract arising from his purchase of an automobile. The magistrate granted summary judgment to two of the defendants, Ken McManus and Eric Sigmon. On appeal, the circuit court affirmed and we affirm.[1]

## FACTS

On August 31, 2002, Walton purchased a vehicle, and a warranty contract issued by C.A.R.S., from Mazda of Rock Hill, a.k.a. Faile Enterprises, Inc. On December 19, 2002, Faile Enterprises entered into an asset purchase agreement with McManus and Sigmon. In January 2003, Walton brought the vehicle to the dealership for repairs. At that time, Walton was informed of the sale, and McManus and Sigmon refused to honor Walton's contract or warranty. Walton contacted C.A.R.S. expecting it to honor the warranty contract. C.A.R.S. notified Walton it never received the paperwork or payment from Mazda of Rock Hill.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

The sale and transfer of the dealership assets closed on March 27, 2003. On March 28, 2003, McManus and Sigmon assigned the asset purchase agreement to McManus–Sigmon, Inc., a.k.a. Team Mazda.

By complaint dated April 2, 2003, Walton sued Mazda of Rock Hill, Mazda USA, Lee Faile, McManus, Sigmon, and C.A.R.S., alleging breach of contract, unfair trade practices, and willful and malicious conduct. The magistrate granted McManus' and Sigmon's motion for summary judgment.

## STANDARD OF REVIEW

When reviewing the grant of summary judgment, the appellate court applies the same standard governing the trial court under Rule 56(c), SCRCP. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Miller v. Blumenthal Mills, Inc.,* 365 S.C. 204, 219, 616 S.E.2d 722, 729 (Ct.App.2005). In determining whether any triable issues of fact exist, the evidence and all inferences reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Id.*

## LAW/ANALYSIS

### I. Summary Judgment

■ Walton first argues a magistrate does not have the authority to rule on a motion for summary judgment. We disagree.

Rule 81, SCRCP, provides:

These rules [SCRCP], or any of them, shall apply to every trial court of civil jurisdiction within this state, within the limits of the jurisdiction and powers of the court provided by law, and the procedure therein shall conform to these rules insofar as practicable. They shall apply insofar as practicable in magistrates courts, probate courts, and family courts to the extent they are not inconsistent with the statutes and rules governing those courts.

*See* Rule 1, SCRCP (defining the scope of the South Carolina Rules of Civil Procedure) and Rule 56, SCRCP (providing the authority to grant summary judgment).

Additionally, Rule 2, SCRMC, provides:

(a) If no procedure is provided by these rules, the court shall proceed in a manner consistent with the statutory law applicable to magistrates and with circuit court practice in like situations but not inconsistent with these rules.

(b) Each magistrate may promulgate rules for the conduct of proceedings in his court which are not inconsistent with these rules and the South Carolina Code of Laws.

Although there is no law within the South Carolina Rules of Magistrate Court specifically addressing summary judgment, the *South Carolina Bench Book for Magistrates and Municipal Court Judges* discusses summary judgment, explaining:

After the filing of a civil case and prior to the actual trial, you may occasionally receive a motion for summary judgment. . . . Rule 56, SCRCP, which is made applicable to magistrate's court by Rule 81, SCRCP, allows the plaintiff **or** defendant ... [to] move with or without supporting affidavits for a summary judgment. . . . Summary judgment is proper when, after reviewing the motion, supporting affidavits, and the pleadings, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. . . . If, after a hearing, the court determines the summary judgment is appropriate, an order to that effect ending the case should be issued.

*South Carolina Bench Book for Magistrates and Municipal Court Judges*, II–19 to II–20 (2d ed.1984), *available at* http://www.sccourts.org/tria l/magistrate/benchbook/HTML/CivilC.htm# C15 (emphasis in original).

Therefore, we find Rule 56, SCRCP, applies to magistrates as members of the South Carolina court system. The circuit court did not err in affirming the magistrate's grant of summary judgment because the grant of summary judgment does not exceed the magistrate's authority.

## II.   Successor Liability

Walton next contends genuine issues of material fact exist as to successor liability and therefore the magistrate erred in granting summary judgment. We disagree.

■   In the absence of a statute, a successor company is not ordinarily liable for the debts of a predecessor company under

a theory of successor liability unless: (a) there was an agreement to assume such debts; (b) the circumstances surrounding the transaction indicate a consolidation of the two corporations; (c) the successor company was a mere continuation of the predecessor company; or (d) the transaction was fraudulently entered into for the purpose of wrongfully denying creditor claims. *Simmons v. Mark Lift Indus.*, 366 S.C. 308, 312, 622 S.E.2d 213, 215 (2005) (citing *Brown v. American Ry. Express Co.*, 128 S.C. 428, 123 S.E. 97 (1924)).

### (a) Agreement to Assume Obligations Exception

■ Walton alleges an issue of material fact is present regarding whether McManus and Sigmon agreed to assume Mazda of Rock Hill's debts or obligations. We disagree.

■ "When a contract is unambiguous a court must construe its provisions according to the terms the parties used, understood in their plain, ordinary, and popular sense." *S.C. Farm Bureau Mut. Ins. Co. v. Oates*, 356 S.C. 378, 381, 588 S.E.2d 643, 645 (Ct.App.2003).

The Asset Purchase Agreement states that McManus and Sigmon purchased the assets "free and clear of any liens, encumbrances, restrictions, charges, and equities of any kind whatsoever." Further, the Asset Purchase Agreement states: "Purchaser is not assuming any liabilities of Seller." Walton focuses on language in the Asset Purchase Agreement that obliges McManus and Sigmon to purchase, at cost, all repair work in progress. Under this provision, McManus and Sigmon were to finish customer repair work, and the proceeds were to be divided equally between the parties. We agree with the magistrate and circuit court that this provision, in light of the other provisions in the contract, does not convert the agreement from solely an asset sale to a sale of assets and liabilities. Therefore, Walton's reliance on this provision is misplaced and the magistrate did not err in finding no genuine issues of material fact exist regarding this exception.

### (b) Consolidation Exception

■ Walton argues there is a material issue of fact whether the sale between Mazda of Rock Hill and McManus and Sigmon was simply a consolidation. We disagree.

As the circuit court properly determined, there is no evidence in the record indicating the transaction between Mazda of Rock Hill and McManus and Sigmon amounted to a consolidation. Both McManus and Sigmon signed affidavits swearing they have never had any interest in Mazda of Rock Hill. The asset purchase agreement clearly establishes a sale between Faile Enterprises and McManus and Sigmon. The agreement was also subject to a consultant and non-compete agreement, in which Faile promised not to associate with any Mazda dealership within twenty miles of the sold dealership and to work as a consultant for McManus and Sigmon for almost two years. Accordingly, no factual issue prevents summary judgment based on this exception.

### (c) Mere Continuation Exception

■ Walton asserts a material issue of fact exists as to whether McManus and Sigmon merely continued Mazda of Rock Hill. We disagree.

In *Simmons v. Mark Lift Industries, Inc.*, the South Carolina Supreme Court declined to extend the mere continuation exception to situations where there is no commonality between officers, directors, and shareholders of the seller and purchaser. 366 S.C. 308, 312 n. 1, 622 S.E.2d 213, 215 n. 1 (2005). As discussed, McManus and Sigmon did not have any relationship with Mazda of Rock Hill except for the purchase of the assets of the dealership. Additionally, Faile only served McManus' and Sigmon's new organization, Team Mazda, as a consultant for a limited time period. Therefore, we find evidence to support the circuit court's finding that there was no material issue of fact supporting Walton's claim of a mere continuation.

### (d) Fraud Exception

■ Finally, Walton contends there is an issue of material fact regarding whether the asset sale was fraudulent. To meet the fraud exception to successor liability, the general rule is that a successor must knowingly participate in a fraudulent asset transfer. Richard L. Cupp, Jr., *Redesigning Successor Liability*, 1999 U.Ill.L.Rev. 845, 875–76 (1999). Proving such knowledge is difficult, and a few courts have advocated expanding the fraud exception to include reviewing

the successor's actual or constructive knowledge. *Id.* at 888–89 (generally discussing the fraud exception in product liability actions alleging successor liability). Under either interpretation of the fraud exception to successor liability, we find no genuine issue of material fact. Walton provides no theory supporting a claim of fraud. For instance, there is no evidence of inadequate consideration and no indication that McManus and Sigmon were not bona fide purchasers for value. A party opposing summary judgment must do more than rely on mere allegations. *Dyer v. Moss*, 284 S.C. 208, 211, 325 S.E.2d 69, 70 (Ct.App.1985). We find no error by the trial court in affirming the magistrate's grant of summary judgment on the fraud exception.

Based on the foregoing, we find no error in the circuit court's order affirming the master's grant of summary judgment in favor of McManus and Sigmon.

**AFFIRMED.**

WILLIAMS, J., and CURETON and GOOLSBY, A.J.J., concur.