THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF
 SOUTH CAROLINA
In The Court
 of Appeals

 
 
 
 Helen Ann Mozingo, as Personal
 Representative of the Estate of Junious Hoyt Stewart, deceased, Appellant,
 v.
 Ford Motor Company, Horne Ford, Inc.,
 Autoliv, Inc., Autoliv North America, Inc., Autoliv Electronics America,
 Inc., Autoliv ASP, Inc., and Visteon Corporation, Defendants,
 Of which Visteon Corporation is, Respondent.
 
 
 

Appeal From Florence
 County
Thomas A.
 Russo, Circuit Court Judge
Unpublished Opinion
 No. 2009-UP-282
Heard April 23,
 2009  Filed June 4, 2009
AFFIRMED

 
 
 
 J. Edward Bell, III, of Georgetown and Rodney C. Jernigan,
 Jr., of Florence, for Appellant.
 James H. Elliot, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this wrongful death and
 survivor action, Helen Ann Mozingo appeals the grant of summary judgment in
 favor of Visteon Corporation (Visteon) arguing the trial court erred in finding
 Visteon was not a successor corporation to Ford.  Specifically, while Visteon
 as a separate entity was not in existence at the time the vehicle was
 manufactured, Mozingo asserts Visteon's SEC Registration Statement and Master
 Transfer Agreement (MTA) evidenced an assumption of liability for component
 parts supplied to Ford and installed in 1997 and later year model Ford
 vehicles.  We affirm pursuant to Rule 220(b)(2).
As to whether the Registration Statement and MTA created
 a genuine issue of fact on the successor corporation claim, summary judgment
 was appropriate as neither the Registration Statement nor the MTA were
 submitted to the court prior to or at the summary judgment hearing.  See West v. Gladney, 341 S.C. 127, 135, 533 S.E.2d 334, 338 (Ct. App. 2000)
 (affirming summary judgment where statement of fact presented only in
 attorney's argument would not be considered by the court in determining whether
 a genuine issue of material fact exists sufficient to preclude summary
 judgment).  Moreover, while the Registration Statement was submitted after the
 hearing as an exhibit with the Rule 59(e) motion, a party cannot use Rule 59(e)
 to present new evidence to the court.  See Brailsford v. Brailsford,
 380 S.C. 443, 448, 669 S.E.2d 342, 345 (Ct. App. 2008) (holding issue is not
 preserved for appeal where it was never presented to the trial court prior to
 the filing of the motion to alter or amend); Eaddy v. Oliver, 345 S.C.
 39, 44, 545 S.E.2d 830, 833 (Ct. App. 2001) (a party cannot for the first time
 raise an issue by way of a Rule 59(e) motion which could have been raised at
 trial).  
Notwithstanding, even if we were to consider the untimely
 Registration Statement and MTA, summary judgment would still be appropriate as
 the provisions cited by Mozingo evidence, at most, a mere indemnification
 agreement between Ford and Visteon for auto parts.  Likewise, while the
 existence of an agreement to assume the debts of the predecessor or selling
 company is an exception to the general rule of nonliability, Visteon's
 willingness to assume liability to Ford for auto parts is not analogous to
 being a successor corporation to Ford.  See Simmons v. Mark Lift
 Indus., Inc., 366 S.C. 308, 312, 622 S.E.2d 213, 215 (2005) (stating in the
 absence of a statute, a successor or purchasing company ordinarily is not
 liable for the debts of a predecessor or selling company under a theory of
 successor liability unless: (1) there was an agreement to assume the debts of
 the predecessor or selling company; (2) the circumstances surrounding the
 transaction warrant a finding of a consolidation or merger of the two
 corporations; (3) the successor company was a mere continuation of the
 predecessor; or (4) the transaction was entered into fraudulently for the
 purpose of wrongfully defeating creditors' claims) (citing Brown v. Am. Ry.
 Express Co., 128 S.C. 428, 123 S.E. 97 (1924)).  The record is simply
 insufficient to establish any basis upon which to classify Visteon as a
 successor corporation to Ford.  Moreover, Mozingo does not challenge the trial
 court's additional finding that Visteon cannot be liable under an independent
 products liability theory since Visteon did not manufacture the vehicle; thus, this
 finding is the law of the case.  See Charleston Lumber Co., Inc. v.
 Miller Hous. Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (stating
 an unchallenged ruling, right or wrong, is the law of
 this case). 
Accordingly, the order of the circuit court is
AFFIRMED.
HEARN, C.J., PIEPER, and LOCKEMY, JJ., concur.