**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

ARO-D Enterprises, LLC, Respondent,

v.

Tiger Enterprises & Trading, Inc., Bonnie Walker and Dwight Walker, Appellants,

Tiger Enterprises and Trading, Inc., Third-Party Plaintiff/Appellant,

v.

Rudy A. Dixon, Frank T. Gangi, and T3 Aviation, Inc., Third-Party Defendants/Respondents.

Appellate Case No. 2021-000851

———————

Appeal from Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-049
Heard December 7, 2023 – Filed February 7, 2024

———————

**AFFIRMED**

———————

Wesley D. Few, of Wesley D. Few, LLC, of Greenville, for Appellants.

Jason James Andrighetti, of Culbertson Andrighetti, LLC, of Greenville, for Respondents ARO-D Enterprises, LLC, and Rudy Dixon.

Steven E. Buckingham, of The Law Office of Steven Edward Buckingham, LLC, of Greenville, for Respondents Frank T. Gangi and T3 Aviation, Inc.

---

**PER CURIAM:** In this claim and delivery action, Tiger Enterprises & Trading Company, Inc. (Tiger), Bonnie Walker, and Dwight Walker (collectively, Appellants) appeal the partial grant of summary judgment to ARO-D Enterprises, LLC (ARO-D), Rudy A. Dixon, T3 Aviation, Inc., and Frank T. Gangi, arguing the circuit court erred in (1) finding Appellants had adequate time for discovery; (2) granting summary judgment when there was a disputed fact regarding the existence of an agreement between the parties; (3) failing to address the South Carolina Uniform Electronic Transaction Act (UETA); (4) misapplying the law as to ARO-D Enterprises' claim and delivery cause of action; (5) prematurely granting summary judgment to Gangi and T3 Aviation; and (6) misapplying the standard of review for a summary judgment motion. We affirm.

1. We first hold the circuit court did not prematurely grant summary judgment. "Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery." *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003). In *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, this court stated the following:

> A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.

383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009). Here, Appellants have not demonstrated further discovery would uncover additional, relevant evidence that would create a genuine issue of material fact. In addition, we find Appellants had sufficient time to depose Dixon. Thus, we find no premature grant of summary judgment by the circuit court. Although "summary judgment must not be granted

until the opposing party has had a full and fair opportunity to complete discovery," the nonmoving party must demonstrate the "likelihood that further discovery will uncover additional [relevant] evidence," and the party must not be "merely engaged in a 'fishing expedition.'" *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543-44 (1991); *see Guinan*, 383 S.C. at 55, 677 S.E.2d at 36 (finding the circuit court did not err in hearing the defendants' summary judgment motion because the discovery deadlines had expired and the plaintiff was afforded a full and fair opportunity to conduct discovery); *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 253, 734 S.E.2d 161, 165 (2012) (finding the appellant "had ample time during discovery to uncover evidence and speak with any potential witnesses . . . [and i]f [the a]ppellant believed he did not have sufficient time, [the a]ppellant should have promptly filed a motion seeking additional discovery time").

2. We hold the circuit court did not err in granting summary judgment by finding no written agreement existed between ARO-D and Tiger. The circuit court correctly found employees of Tiger conceded in an affidavit and deposition that no signed agreement existed. We find Tiger's allegations that the parties' emails and letters evidenced a written agreement have no merit. *See* Rule 56(e), SCRCP (providing a party challenging a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"); *Doe ex rel. Doe v. Batson*, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001) (providing that Rule 56(e) "requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial"); *Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* (requiring the nonmoving party to "come forward with specific facts showing there is a genuine issue for trial").

3. We find no merit to Appellants' argument regarding the application of the UETA. Appellants presented no evidence that the parties agreed to conduct their transactions by electronic means. *See* S.C. Code Ann. § 26-6-50(B) (2007) ("This chapter applies only to transactions between parties who agree to conduct transactions by electronic means. Whether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the conduct of the parties.").

4.  We find no error by the circuit court in granting ARO-D's motion for summary judgment on its claim and delivery cause of action.  "An action in claim and delivery is an action at law for the recovery of specific personal property." *First Palmetto State Bank & Tr. Co. v. Boyles*, 302 S.C. 136, 138, 394 S.E.2d 313, 314 (1990), *superseded by statute on other grounds*, S.C. Code Ann. § 15-3-20(B) (2004), *as recognized in Est. of Mims v. S.C. Dep't of Disabilities & Special Needs*, 422 S.C. 388, 397, 811 S.E.2d 807, 812 (Ct. App. 2018).  "The cause of action for claim and delivery is governed by South Carolina Code sections 15-69-10 to -210 (2005)." *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 658, 780 S.E.2d 263, 275-76 (Ct. App. 2015).  A party claiming entitlement to property in a claim and delivery action must show by affidavit:

> (1) That the plaintiff is the owner of the property claimed . . . ;
> (2) That the property is wrongfully detained by the defendant;
> (3) The alleged cause of the detention thereof, according to the affiant's best knowledge, information and belief;
> (4) That the property has not been taken for a tax, assessment or fine pursuant to a statute or seized under an execution or attachment against the property of the plaintiff or, if so seized, that it is by statute exempt from such seizure; and
> (5) The actual value of the property.

S.C. Code Ann. § 15-69-30.

In a claim and delivery action, the defendant "should move to set aside the proceedings so far as the immediate delivery of the property is concerned, . . . [and] should specify the alleged grounds of insufficiency" if the defendant contests the right of the plaintiff to claim the immediate delivery of the property because the affidavit omits an essential element required by the code. *Adeimy v. Dleykan*, 116 S.C. 159, 163, 107 S.E. 35, 36 (1921).  We find ARO-D met the statutory requirements of a claim and delivery cause of action and the circuit court did not err in granting summary judgment on this cause of action.  Dixon's affidavit includes a claim of ownership over the property at issue, the allegation of wrongful detention by Tiger, the cause of the detention, and the values of some of the

property.  In addition, we affirm the circuit court's finding that no written agreement existed giving possessory rights in the property to Appellants.[1]

5.  We hold the circuit court did not prematurely grant summary judgment to Gangi and T3 Aviation.  As noted previously, the circuit court did not err in finding no written contract existed; thus, the court did not err in granting summary judgment as to the cause of action for tortious interference with contract.  *See Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 372 S.C. 470, 480, 642 S.E.2d 726, 731 (2007) (stating the elements of a tortious interference with contractual relations claim are: "1) *the existence of a contract*; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages" (emphasis added)).  Regarding summary judgment on the UTPA claim, the circuit court found Appellants had not rebutted T3 and Gangi's claims that Appellants failed to provide anything beyond mere allegations of, *inter alia*, an impact on the public interest.  We agree and affirm.  *See Columbia E. Assocs. v. Bi-Lo, Inc.*, 299 S.C. 515, 522, 386 S.E.2d 259, 263 (Ct. App. 1989) ("To be actionable under the [UTPA], an unfair or deceptive act or practice must have an impact upon the public interest.  The [UTPA] is not available to redress a private wrong where the public interest is unaffected."); *Walton v. Mazda of Rock Hill*, 376 S.C. 301, 308, 657 S.E.2d 67, 70 (Ct. App. 2008) (per curiam) ("A party opposing summary judgment must do more than rely on mere allegations.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We note the circuit court's partial grant of summary judgment leaves pending many of Appellants' causes of action, including, *inter alia*, unjust enrichment, restitution, fraud, negligent misrepresentation, constructive trust, and conversion.